

Aaron Zelinsky
PARTNER
Zuckerman Spaeder LLP
AZeilnsky@zuckerman.com
410.949.1167

April 7, 2025

**Via CM/ECF**

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

  Re: Opposition to Administrative Stay, *Aviel v. Gor*, No.25-5105

Dear Mr. Cislak:

  The parties have agreed, and the District Court has issued an order directing, that Appellee Sara Aviel will respond to the Appellants' motion for a stay now pending before the District Court by noon on April 8, 2025, and the Appellants will brief their response by 6:00 p.m. on April 8, 2025. *See* April 6, 2025 Minute Order. We write now in response to the Appellants' request for an immediate administrative stay, pending resolution of their motion in this Court. We respectfully request that you circulate this letter to the Special Panel considering the government's request, and we will promptly file hard copies with the Court as well.

  For three reasons, the truly extraordinary remedy of an administrative say is unwarranted in this case.

  *First*, the matter is still pending before the District Court, which should be given an opportunity to rule on the issue in the first instance. Indeed, counsel for Appellee are deeply perplexed with the Appellants' decision to seek a stay now, before the District Court has ruled on the Appellants' pending motion. Circuit Rule 8(a) clearly requires that the Appellants "state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and *state any reasons given by the district court for its action*." D.C. Cir. R. 8(a)(2)(A) (emphasis added). That is, of course, not possible when the District Court has yet to receive the briefing it has ordered on the matter and has not issued a decision, let alone provided any reasons for it. An administrative stay, particularly one that is triggered by a motion which flouts the Circuit Rules, should not be granted.

*Second*, the District Court's order enjoined the Reduction in Force (RIF) of the entire staff of the Inter-American Foundation (IAF).  This RIF was scheduled to take place at midnight, April 4, 2025.  The District Court structured its scheduling around that impending deadline and explicitly ruled hours before the RIF could take effect.  Issuing an administrative stay now would allow the RIF to take place, without any time or ability for the parties to brief or the Court to consider the matter on the merits, which violates the spirit of an administrative stay.  *See United States v. Texas*, No. 23-A-815, 601 U.S. __ (2023), at *2 (Barrett, J., concurring) ("Administrative stays do not typically reflect the court's consideration of the merits of the stay application.  Rather, they freeze legal proceedings until the court can rule on a party's request for expedited relief") (cleaned up).  The purpose of an administrative stay is to "buy[] the court time to deliberate."  *Id*.  But a stay allowing the RIF to occur now will not buy this Court time—it will allow the very action the District Court found was irreparable harm to take place immediately, while the Court is deliberating.  The point of an administrative stay is to "*minimize* harm while an appellate court deliberates." *Id.* at 3 (emphasis added).  But the RIF will not minimize harm.  It is itself a unique harm.  If Appellants are successful, the RIF can take place just as easily at a later point in time.  To the extent this Court's decision on an administrative stay "reflects a first-blush judgment about the relative consequences of staying the lower court judgment versus allowing it to go into effect," *id.*, the consequences of staying the judgment without briefing are catastrophic to Appellee, while allowing the District Court order to stand for the short amount of time necessary for briefing has no demonstrable downside to any party.  If there is an administrative stay and the District Court is subsequently sustained on appeal, there will be no way to un-fire the terminated employees and restore the gutted agency, as many will have no doubt moved on to other employment.  On the other hand, if there is no administrative stay and the District Court is overturned on appeal, the RIF can continue unimpeded.

*Third,* as the District Court found, Appellee has a very strong likelihood of success on the merits.  No court in the history of the Republic has held that the President has the sweeping power to indefinitely appoint acting members of multimember boards in contravention to the Federal Vacancies Reform Act and the Constitution.

We will discuss these points and others in greater detail in our response.  In the interim, an administrative stay is improper.

                                                                      Respectfully Submitted

                                                                      /s/   Aaron S.J. Zelinsky
                                                                      Aaron S.J. Zelinsky

                                                                      *Counsel for Appellee Sara Aviel*

cc: All counsel of record (via CM/ECF)