

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 514-1673

April 10, 2025

**Via CM/ECF**

Clifton Cislak, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave. NW
Washington, DC 20001

    RE:   *Sara Aviel v. Sergio Gor, et. al.*, No. 25-5105

Dear Mr. Cislak:

    On April 7, 2025, the federal government filed in this Court a motion for an emergency stay pending appeal of the district court's preliminary injunction. Stay Mot. (April 7, 2025). The government explained that it filed a motion in district court seeking the same relief on April 6, 2025, *see* Dkt. No. 27 at 1, and that the government would notify the Court if the district court acted on that request, Stay Mot. 3, n.1. The government therefore notifies this Court that this morning, the district court denied the government's stay request. *See* Dkt. No. 34 (attached). For all the reasons in our stay motion, the Court should grant an immediate administrative stay and a stay pending appeal.

                                      Sincerely,

                                      s/ *Courtney E. Albini*
                                      Courtney E. Albini
                                      U.S. Department of Justice
                                      Appellate Staff, Civil Division

cc (via CM/ECF):  Counsel of Record

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARA AVIEL,

       *Plaintiff*,

v.

SERGIO GOR, *et al.*,

       *Defendants*.

Civil Action No. 25 - 778 (LLA)

## ORDER

On April 4, 2025, this court issued a preliminary injunction requiring Defendants to reinstate Plaintiff Sara Aviel as the lawful president and Chief Executive Officer ("CEO") of the Inter-American Foundation ("IAF"), among other relief.  ECF No. 23.  On April 6, Defendants appealed to the U.S. Court of Appeals for the D.C. Circuit.  ECF No. 26.  That same day, Defendants filed a motion in this court seeking a stay of the April 4 Order pending appeal.  ECF No. 27.[1]  Defendants' motion is now fully briefed.  ECF Nos. 27, 30, 32.  For the reasons explained below, the court denies the motion.

To determine whether a stay pending appeal is warranted, the court considers: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay."  *Nat'l Ass'n of Mfrs. v. Taylor*, 549 F. Supp. 2d 68, 71 (D.D.C. 2008) (quoting *Cuomo v. U.S. Nuclear Regul.*

---

[1] On April 7, Defendants filed a motion for a stay pending appeal in the D.C. Circuit.  Mot. to Stay, *Aviel v. Gor*, No. 25-5105 (D.C. Cir. Apr. 7, 2025).

*Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985)).  The movant bears the burden of "justify[ing] the court's exercise of such an extraordinary remedy."  *Id.* (quoting *Cuomo*, 772 F.2d at 978).  The court addresses each factor in turn.[2]

    *Likelihood of success on the merits.*  Defendants—rehashing the same arguments they made at the preliminary-injunction stage and failing to directly contend with the court's analysis in its opinion, *see* ECF No. 22—assert that they have a "strong likelihood" of succeeding on the merits of their appeal, ECF No. 27, at 2.  But as the court has already explained, and as the Constitution mandates, principal officers must be nominated by the President and confirmed by the Senate before assuming their roles.  ECF No. 22, at 13-14; *see* U.S. Const., art. II, § 2.  In limited circumstances, the President may appoint temporary, acting officials without Senate approval.  *Nat'l Lab. Rels. Bd. v. SW Gen., Inc.*, 580 U.S. 288, 293 (2017).  Absent exceptions that are not applicable here, the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. § 3345 *et seq.*, is "the *exclusive* means for temporarily authorizing an acting official to perform the functions and duties of any office of an Executive agency."  *Id.* § 3347(a) (emphasis added).  The FVRA does *not*, however, permit the President to appoint acting principal officers to the IAF Board.  *See* ECF No. 22, at 15; 5 U.S.C. § 3349c(1).

    Defendants' primary response is that the FVRA does not apply to the IAF Board and that the Take Care Clause gives the President inherent authority to appoint acting Board members as long as "no statute precludes" him from doing so.  ECF No. 27, at 2; *see id.* (citing U.S. Const., art. II, § 1, cl. 1).  But if that were the case, the President could appoint *any* acting principal officer to any Board-like entity for an unlimited duration without *ever* seeking the Senate's approval.  That

---

[2] The third and fourth "factors merge when the Government is the opposing party," *Nken v. Holder*, 556 U.S. 418, 435 (2009), but that is not the case here.

would make a mockery of the Appointments Clause and turn other parts of the Constitution—like the Recess Appointments Clause—into mere surplusage.  *See* ECF No. 22, at 18-19.  Defendants cannot demonstrate a likelihood of success when their argument requires a groundbreaking rereading of the Constitution.

*Irreparable harm to the movant.*  Defendants argue that they are harmed because "[t]he President is being prevented from designating a Foundation Board that would be empowered to select a Foundation president committed to implementing the President's agenda."  ECF No. 27, at 3.  That is not a harm stemming from the court's decision, but from the Appointments Clause.  The President may nominate, and indeed has nominated, members to the IAF Board.  If and when they are confirmed by the Senate, they may decide Ms. Aviel's fate.

Indeed, the only reason that the IAF lacks a properly constituted Board capable of exercising its statutory authority over Ms. Aviel now, *see* 22 U.S.C. § 290f(1)(*l*), is because the President opted to fire all the Board's Senate-confirmed members before there were any Senate-confirmed replacements.  Defendants' irreparable-harm arguments are thus plainly insufficient, as it is well settled that a litigant cannot cry foul over a "self-inflicted" injury.  *Safari Club Int'l v. Salazar*, 852 F. Supp. 2d 102, 123 (D.D.C. 2012) (quoting *Lee v. Christian Coal. of Am.*, 160 F. Supp. 2d 14, 33 (D.D.C. 2001)).

*Harm to others.*  Conversely, Ms. Aviel has demonstrated that she would be irreparably harmed if her removal were allowed to stand.  While it is true that the deprivation of employment and its accompanying compensation typically do not constitute irreparable harm, *see Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974), the court has explained at length that this case is anything but typical, *see* ECF No. 22, at 20-23.  The court issued its preliminary injunction order on the same day that Defendants planned to terminate the entirety of IAF's staff, save for one individual.

*Id.* at 20-21.  Also by that time, only a single IAF grant worth $66,000 remained (despite the fact that Congress has appropriated $47 million to the IAF through September 30, 2025).  *Id.* at 6 n.2, 9 n.3.  Staying the effect of the court's order would permit Defendants to finish dismantling the IAF, effectively preventing Ms. Aviel from ever reassuming her lawful position.  Far from "minimiz[ing] harm while an appellate court deliberates," *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring), granting Defendants' motion would exacerbate it and turn imminent harm into irremediable injury.  On the other side of the equation, all of Defendants' desired relief will still be available to them if they eventually prevail on appeal.  But if the court suspends its injunction now, Ms. Aviel may never receive the remedy she is likely entitled to.

*Public interest.*  Finally, Defendants complain that allowing the court's preliminary injunction to remain in effect inflicts grave and broad harm to the public interest.  Specifically, they assert that it undermines "the Executive Branch, . . . the separation of powers, and . . . our democratic system."  ECF No. 27, at 3.  But Defendants are mistaken.  It is *their* desire to wholly ignore the unequivocal mandate of the Appointments Clause—which requires the advice and consent of a coequal branch of government to appoint principal officers—that threatens our constitutional system.  If Defendants seek permission to dramatically reinterpret the Constitution and ignore the FVRA, they can present that request to the D.C. Circuit.  But this court will not inflict irreparable harm on Ms. Aviel and contravene the public interest in the interim.  Accordingly, Defendants' motion to stay the court's order pending appeal is **DENIED**.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   April 10, 2025