

Aaron Zelinsky
PARTNER
Zuckerman Spaeder LLP
AZeilnsky@zuckerman.com
410.949.1167

May 24, 2025

*Via CM/ECF*

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

      Re:     Opposition to Administrative Stay, *Aviel v. Gor*, No. 25-5105

Dear Mr. Cislak:

     Pursuant to Rule 28(j), we write regarding *Trump v. Wilcox*, No. 24A966, 605 U.S. ___ (May 21, 2025) (per curiam).  Defendants argue that the President can remove Aviel because he fired the IAF Board.  *See* Dkt. 2117281 at 2.  But when the President removed Aviel, at least one Board member remained. *See* ECF 44, at 17.  It is unclear *even today* if the full IAF Board was removed. *See* ECF 44, at 12-13.  Defendants thus either seek an improper advisory opinion or challenge the District Court's remedy, an argument Defendants forfeited.  *See* Dkt. 2110862 at 16 n.3.

     Indeed, *Wilcox* supports the basic rule that only a principal officer can remove an inferior one.  *Wilcox* reaffirms the "narrow exceptions" to the President's general removal power "recognized by our precedents."  Slip Op. 4.  The rule that inferior officers may be removed only by their principal officers is precisely one of the "narrow exceptions" that the Supreme Court and this Court have previously recognized.

     In addition, the Supreme Court stated in *Wilcox* that both the NLRB and MSPB "exercise *considerable* executive power."  *Wilcox*, Slip Op. 1 (emphasis added).  Defendants have never argued that Aviel exercises executive power commensurate with the NLRB and MPSB.  *See Wilcox*, Gov. Stay App. 5 (discussing the "broad power" of the NLRB including the ability to adjudicate actions, award remedies, issue rules and regulations, authorize petitions in Courts of Appeals, bring lawsuits in district courts, and make "conclusive" factual findings).  *Wilcox* also had no concern that the MSPB or NLRB would be abolished; here the District Court found that the entire IAF would be destroyed.

     Finally, *Wilcox* concerned a stay after summary judgement. This case concerns a preliminary injunction. Full summary judgment briefing has just completed.  The Supreme Court

emphasized in *Wilcox* the need to avoid the "disruptive effect of the repeated removal and reinstatement of officers during the pendency of this litigation." *Wilcox*, Slip Op. 2. Removing Aviel now risks exactly the sort of remove-and-reinstate-merry-go-around that the Court warned against. At minimum, these issues should be considered with a full record after summary judgment, as in *Wilcox*.

Sincerely,

*/s/ Aaron S.J. Zelinsky*
Aaron S.J. Zelinsky
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
azelinsky@zuckerman.com

*Counsel for Appellee Sara Aviel*

cc: All counsel of record (via CM/ECF)